Minor, and he is here to talk about it, and the oral argument that's been raised by his help. Thank you. The reason why I'm here today, Your Honors, is there's a little bit of an interesting issue that comes up that makes us kind of outside the normal realm of your juvenile termination case. The defendant is alleged, or excuse me, the mother is alleged ineffective assistance of a constitutional standard that's equally applicable in termination of criminal cases. The mother essentially admits that there's not sufficient factual basis in the record. There's an argument being made that, yes, you know, she had, you know, if you look at the record, the mother made a complaint that she wanted another witness to be called. Other than herself. Other than herself, correct. In the hearing transcripts, she said that she had wanted a worker from Lutheran Social Services to testify. When the court queried her on that complaint, she said it related to something that had to do with whether there was a basis to proceed or to file a petition for adjudication of neglect. And the court pointed out, I think correctly, that was four years ago, and that's long gone, and so it went ahead. So I kind of feel the respondent argues that, well, you know, obviously counsel must not have been prepared. They only argued, you know, put on the client as a witness. However, any alternative, and this is the alternative that I want to discuss here, that the defendant had not sufficient basis, apart from purely conjectural speculation that there was an ineffective assistance of counsel, should be remanded for a hearing at the circuit court level to, I guess, develop evidence to allow factual basis to be created for that. And the appellant cited a case. Surprisingly, there is such a case out there. Hence, I am here. CHW is a Fourth District case, and what had happened there is the respondent had made, based upon what happened at the hearing, specific allegations of ineffective assistance of counsel, including the fact that counsel didn't object to a witness's testimony, did not request the court to take judicial notice of a prior judge's earlier ruling. What happened in this case, to further clarify this, is that the parent had been accused of sexually assaulting the minor. Charges had been filed. In the criminal prosecution, the state had sought under a 115-10 hearing to admit the minor statements to the investigator, but the criminal court judge had held that it was not going to allow the statements because the questions that were being asked were unduly suggestive, and therefore, there was not sufficient judicial reliability under 115-10 to allow the permission. The criminal case went away. So the allegation here makes sort of sense in that context, because although there was reference being made on appeal to what had happened in the criminal case, apparently  So we have very specific and sort of factually developed type of issues here, at least to that extent. But there wasn't anything on the record to show what was the mind processes of trial counsel at the time, and why did they not, is there a reason why they did not seek to introduce the criminal court's ruling as a way to impeach, I suppose, the investigator at the juvenile termination hearing. So the Fourth District rationale, so there's no avenue of collateral review in juvenile termination cases, and hence, you know, because the Supreme Court, the U.S. Supreme Court has stated that well, it's a preference to develop an effective assistance of counsel cases on collateral review, and no collateral review exists, it's really probably fair to retain jurisdiction in this case, remand the cause back to the circuit court, and then have a hearing. It cited the Massaro case, which is the U.S. Supreme Court case, and also cites Supreme Court Rule 366.85, which is the rule that says the reviewing court has numerous powers including remand. That's not anything I take particular issue with. What I take particular issue with is whether that power is unfettered, whether there are limitations to that, and what is the scope of the court's ability to remand the cause. The Fourth District's apparent position is that it can remand it because it felt the only way that it can address this in the absence of collateral review is to allow the respondent to develop that record. Our position is really sort of threefold here. Number one, I don't know if I would agree, and I don't know if this Court should agree, that there is no such collateral, absence of collateral remedy. I believe that 735 Isle Stats 2-1401 would be applicable. In fact, it's specifically referenced in the Adoption Act at 750 ILCS 50-20B, and you will find that there are numerous cases, including the Seville, Illinois Supreme Court cases, where a juvenile termination case initiated by the state wound its way to that court on the strength of a 2-1401 petition filed by the respondent. So, in the first instance, if there is such an avenue of collateral attack, I think that renders CHW largely irrelevant because it exists solely because it's trying to remedy what it perceives in the absence of authority that exists independent of its court's remand power. The other thing I would argue is that CHW is distinguishable factually because in CHW the respondent actually articulated specific, identifiable, at least cognizable claims of ineffectiveness. What we have here in this case is very much a, well, we don't know. It looks like maybe there might have been more. I don't know. I understand the respondent's limitations here. You can't start supplying this Court with affidavits of witnesses who said this or that. You know, that's not this Court's role. That is a court of initial impression to act that way. But, nonetheless, there isn't really anything here in the record or otherwise. Unlike in CHW, where there's these specific allegations, which I think could have motivated the CHW court to say, well, we've got these things. Now let's go see what trial court's rationale is. So there's a factual distinction there as well. The third argument I make is that I disagree that the reviewing court, a reviewing court, has this power to remand under these circumstances in any instance. Collateral attack is a, there's no fundamental constitutional right to collateral review. That's been stated. Yes, sir. Is the position you're taking on that contrary to the position you're saying that an avenue exists because of 1401? No, not at all. What I'm saying is that a court cannot create a collateral attack independently of the statutory provision that allows it. Okay. So, in other words, we're assuming for the sake of argument that, and there is no statutory remedy for a juvenile termination respondent to seek collateral review of a claim. So you're just saying they're wrong. I'm saying they're wrong, yes. So basically what you're saying is you would be happy with a decision that says, yes, there is an avenue, and it's 1401, but factually they didn't make it in this case. Absolutely. CHW did not reference 2-1401. They operated under the assumption that there is no collateral. Right. So what I'm saying is that I think there is. But if you don't agree with me that there is, if you don't find that 2-1401 applies, I don't think that you can create something like the CHW court did and say, yeah, okay, well, let's send it back, because the defendant's alleged on appeal and effective assistance of counsel, so let's see if we can get a bit more record here and find out, you know, what happened, which at this point would probably encompass some sort of investigatory type of thing in the hearing, et cetera, et cetera. There being no fundamental constitutional right to collateral attack, it's something that's created by creature of statute, 2-121, 122-1, post-conviction hearing. These are creations of by statute, by legislative fiat, and the courts have repeatedly held that their parameters are to be dictated by statutory provision as well. The Supreme Court, the U.S. Supreme Court, has undertaken the task, well, do you have the right to counsel in a collateral attack in federal proceeding akin to Illinois? And the answer is no. Illinois provides for counsel by statute. In fact, a different standard applies altogether for post-conviction counsels, as the court is well aware, reasonable assistance standard. So there being no fundamental constitutional right, it's not an issue that at this point the court had to protect the respondent in this case constitutionally in order to allow them to advance their Strickland claim on a remand. The other problem I have with it is that by, I think,  you do have something of a separation of powers issue that comes up here. Can the court create something that the legislature hasn't provided for? And I think what compounds that problem a little bit is let's look at Supreme Court rules, which discuss supplementing the record, okay? I can't come, and these are Supreme Court rules, but you can't supplement a record on appeal with something that wasn't considered by the trial court below, okay? And there's no independent right or remedy to allow me to come to you and say, can we send this back so I can get more evidence, okay? That's just the way it works, and that's why courts have deigned to create collateral attack remedies. So I think that that's troublesome to the extent that it's creating something that the legislature is supposed to create, the CHW court, and it's a standardless procedure. 122-1 may be a good example. It's a fairly complicated, not complicated, but it's an extensive legislative scheme, if you will, that has numerous prerequisites that you have to file a petition, you have to attach affidavits, the court's got to make this finding if the state's allowed to file a motion to dismiss, and there's a lot of things going on here, and what we have here is a court saying, all right, well, since everyone else has this by statute, let's just go back and get it here. So everything that's built into these legislative creations is just sort of bypassed because this particular respondent was fortunate enough to have a sympathetic court. Now, I'm not saying not to be sympathetic. My position is simply that this is the legislature's task, not a court's task, to fix. If, in fact, you don't find that 2-14-1 applies. I think 2-14-1 does apply. So a lot of what I'm saying here is just sort of adding on to that, and, you know, while I feel strongly about it because I do feel strongly about allowing, I think, a fair procedure for everybody and that it doesn't make sense that a court can sort of, when wave his magic wand and create a remedial procedure that other people don't have if they have any criminal defendants. A criminal defendant can't come in and argue, I think, as denying effectiveness as a counsel and have it off the record, and Justice Chapman's not going to say, all right, just bring me in and let's see what happens. It doesn't happen that way. You're going to say, well, you have a statutory remedy for that, and there's a reason for that because it is the legislature's job to do that, and maybe it will be fixed. It should be fixed if 2-14-1 doesn't apply. I think 2-14-1, I think that reference to the implicit reference to 2-14-1, the adoption, I think probably resolves that, hopefully, in that respect. So does the court have any questions for me? No. Interesting argument, though. Well, thank you. Thank you. I got a couple more to make today. See you this afternoon. I appreciate it. You're going to be tired of me by then. Okay. At this time, we stand in recess until 1 o'clock. Thank you.